UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TYLER NATHANIEL MILLS,

Petitioner,

v.

ROBERT MUNDT, Warden,

Respondent.

Civil No. 00-2213 (JRT/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be TRANSFERRED to the U.S. District Court for the Eastern District of Wisconsin.

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Waseca, Minnesota. He is serving a federal prison sentence, (the length of which is not disclosed in the petition), that was imposed by the U.S. District Court for the Eastern District of Wisconsin. The petition does not clearly indicate the nature of Petitioner's crime,[1] nor does it clearly indicate whether Petitioner has previously challenged his conviction or sentence on direct appeal, or by motion brought under 28 U.S.C. § 2255.

[1] It appears that Petitioner may have been convicted under 18 U.S.C. § 876 ("Mailing threatening communications").

FILED OCT 03 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

It is clear, however, that Petitioner is attempting to challenge the validity of his conviction in his current petition for habeas corpus relief -- which presumably is brought under 28 U.S.C. § 2241. He has listed five grounds for relief in his petition, which are (as the Court understands them) as follows: (1) that the trial court lacked jurisdiction over the territory in which his crime was committed; (2) he was deprived of his constitutional right to effective assistance of counsel; (3) he was denied due process by reason of "prosecutorial misconduct;" (4) he should have been tried as a juvenile, rather than as an adult; and (5) he is entitled to a reduced sentence because of his "substantial rehabilitation." Petitioner expressly demands that he be released from custody "immediately."

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided

by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

As previously noted, the instant petition clearly and directly challenges the validity of Petitioner's criminal conviction. The petition is therefore subject to § 2255's exclusive remedy rule. Because Petitioner has not demonstrated (or even alleged) that the remedy provided by § 2255 is inadequate or ineffective for the claims he is seeking to raise, he is barred from raising those claims in a habeas corpus action brought under § 2241. Habeas relief is simply not available under § 2241 (or otherwise) for Petitioner's current claims.

Although the current petition could properly be dismissed (without prejudice) for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court concludes that the interests of justice would be better served by transferring this case to the only district that could properly entertain a collateral challenge to Petitioner's conviction and/or sentence -- namely the Eastern District of Wisconsin, the court in which Petitioner was convicted and sentenced. See 28 U.S.C. §§ 1406(a) and 1631.[2]

[2] In light of the Court's determination that this action should be transferred to another district, Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), and his "Motion For Release Pending Disposition Of Petition For Writ Of Habeas Corpus," (Docket No. 3), will not be addressed at this time. The transferee court can rule on those matters as it deems appropriate.

The transferee court will also be able to determine whether the instant petition can, in fact, be entertained as a motion brought under 28 U.S.C. § 2255, or whether such a motion is procedurally barred by the one-year statute of limitations, (28 U.S.C. § 2255 [sixth paragraph]), the rules governing successive petitions, (28 U.S.C. § 2255 [final paragraph]), or by any other legal principle applicable to § 2255 motions.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to immediately transfer this action to the U.S. District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: October 3, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by OCT. 23, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.